JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Allstate Insurance Co., | ) CV 08-3326-RSWL |
| Plaintiff, | ) |
| v. | ) Judgment Re: Declaratory<br>) Relief, Breach of<br>) Contract Claims, and §<br>) 11580 Claim |
| Richard Thacher, et al., | ) |
| Defendants. | ) |
| | ) |
| | ) |

After consideration of all the arguments presented, **JUDGEMENT IS HEREBY ENTERED FOR** Defendants and Counter-claimants Richard Thacher, Valerie Thacher, and Guadalupe Trujillo as set forth below:

I.   Judgment Regarding the CPL Policy

The jury found that Allstate Insurance Company did not mail a notice of non-renewal of the Comprehensive Personal Liability Policy to Richard and Valerie Thacher.  Further, the jury found that the arbitration award was neither unreasonable nor the product of fraud

1

1  or collusion.   Finding sufficient evidence to support

2  the jury's findings, the Court will not pierce the

3  jury's findings.

4       Accordingly, the Court finds that the CPL Policy

5  remained in force at the time of the accident, and

6  finds and declares that Allstate had a duty to defend

7  and indemnify under the CPL Policy.

8       There is no dispute that Allstate denied coverage

9  under the CPL Policy, refusing to defend or indemnify,

10 and therefore, no conditions apply under the CPL

11 Policy.   The insureds, Valerie and Richard Thacher, had

12 no duty to cooperate or provide additional notice or

13 information and were entitled to enter into the

14 arbitration agreement, to accept the covenant not to

15 execute, to stipulate to liability and to agree to

16 arbitrate the amount of damages.

17      Based on the above findings, the Court finds that

18 Allstate breached the CPL Policy and is liable for the

19 arbitration judgment award under Cal. Ins. Code §

20 11580.

21      Therefore, judgment is hereby entered in the

22 following amounts:

23      (1) Allstate owes to Defendant Thacher $18,399.59,

24      plus 10% interest per annum, for amounts expended

25      in defense of the Trujillo claim.[1]

26

27

28
       _____

       [1] <u>See</u> Cal. Civil Code § 3289(b).

                            2

1      (2) Allstate owes $100,000 (the CPL Policy limit)

2      to Defendant Trujillo on the § 11580 claim, plus

3      interest at 10% per annum.

4      (3) The interest shall be calculated as having

5      begun accruing as of July 14, 2006.  Pursuant to

6      Cal. Code Civ. Proc. § 3291, the judgment shall

7      bear interest from the date of the first offer

8      pursuant to Section 998 of the Code of Civil

9      Procedure.  The Court finds that the § 998 offer of

10     July 14, 2006 is the date from which interest shall

11     accrue on this judgment.

12     (4)  The Court denies Defendant's request to award

13     $100,000 to the Thachers for breach of the CPL

14     Policy.[2]

15 II. <u>Judgment Regarding the Umbrella Policy</u>

16     The jury found that Allstate Insurance Company

17 denied coverage under the Personal Umbrella Policy.

18 Further, the jury found that the arbitration award was

19 neither unreasonable nor the product of fraud or

20 collusion.  Finding sufficient evidence to support the

21 jury's findings, the Court will not pierce the jury's

22 findings.

23

24 _____

25     [2] Mr. and Mrs. Thacher's only loss traceable to Allstate's

26 breach is the costs they expended to defend the Trujillo claim.
It would create a windfall to award them the amount of the

27 arbitration award when they have no obligation to pay it under
the covenant not to execute and Allstate is already liable for

28 that judgment under § 11580.  Defendants present no authority to
this Court allowing for such a double recovery.

1    Accordingly, the Court finds that no conditions
2 apply under the Umbrella Policy.  The insureds, Valerie
3 and Richard Thacher, had no duty to cooperate or
4 provide additional notice or information and were
5 entitled to enter into the arbitration agreement, to
6 accept the covenant not to execute, to stipulate to
7 liability and to agree to arbitrate the amount of
8 damages.
9    Based on the above findings, judgment is hereby
10 entered in the following amount:
11    (1) Allstate owes $415,093.78 to Defendant Trujillo
12       on the § 11580 claim, plus interest at 10% per
13       annum.[3]
14    The Court also finds that Allstate did not breach
15 the Umbrella Policy.  As explained in the Court's
16 Summary Judgment Order, on this claim, Plaintiff must
17 have actually refused to indemnify Defendant.  The
18 Court found that Allstate had not yet breached its duty
19 to indemnify because it has not refused to pay the
20 underlying judgment to Defendants.[4]  (Order Granting in
21 Part and Denying in Part Counter-Claimants' Motion for
22 Partial Summary Judgment [76] at 33-35.)  Further, the
23 _____

24    [3] See Cal. Code of Civil Procedure 685.010.

25

26    [4] At the time of the "denial" no actual judgment was in
27 existence or presented to Allstate.  Further, Allstate's position
   as the excess insurer under the Umbrella Policy creates different
28 implications for "denying coverage" than under its position as
   the primary insurer.

4

1  Court specified in its Order that "[e]ven if the trier
2  of fact finds that Plaintiff's conduct in failing to
3  respond to the claim asserted under the Umbrella Policy
4  constitutes a denial of coverage, that finding is for
5  the purposes of estopping Plaintiff from arguing
6  Defendants did not give it notice and cooperation."
7  (<u>Id.</u> at 35 n 18.)  Additionally, the Court has already
8  found that there was no breach of the duty to defend
9  under the Umbrella Policy.
10     Nevertheless, this finding does not effect the
11  result that Allstate now owes a duty to indemnify under
12  the Umbrella Policy and is liable for the arbitration
13  award under § 11580.[5]
14  III.     <u>Allstate's Equitable Defenses</u>
15     Based on the above findings, the Court finds that
16  Allstate's equitable defenses fail.
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26
27
28
---
    [5] Even if there was a breach under the Umbrella Policy,
Defendant's request for $415,093.78 is denied for the same
reasons stated above under the CPL Policy.

IV.  <u>Defendants' Request for a Jury Trial on Bad Faith</u>

The Court denies Defendants' request for a jury trial on bad faith.  Notwithstanding the jury's findings, the Court finds that its ruling dismissing these claims on Summary Judgment was the appropriate disposition for Defendants' bad faith claims.  (<u>See</u> Order Granting in Part and Denying in Part Counter-Claimants' Motion for Partial Summary Judgment [76].)

**IT IS SO ORDERED.**

DATED: September 18, 2009

_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge