**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Allstate Insurance Co., ) | CV 08-3326-RSWL (FMOx) |
| ) | |
| ) | **ORDER** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Richard Thacher, et al., ) | |
| ) | |
| Defendants. ) | |

    This Court concluded a seven day jury trial in this matter on August 12, 2009. The jury returned a verdict in favor of Defendants Richard Thacher, Valerie Ann Thacher, and Guadalupe Trujillo on three issues. The jury found: 1) Plaintiff Allstate Insurance Company

("Plaintiff Allstate") did not mail a notice of non-renewal of the Comprehensive Personal Liability Policy ("CPL Policy") to Richard and Valerie Thacher; 2) Plaintiff Allstate denied coverage under the Personal Umbrella Policy ("Umbrella Policy"); and 3) the arbitration award was not unreasonable or the product of fraud or collusion.

On September 18, 2009, the Court entered Judgment for Defendants on Plaintiff Allstate's claim for Declaratory Relief, and for Defendants' Counterclaims for Breach of Contract and relief under California Insurance Code § 11580 [173]. The September 18, 2009 Judgment awarded Defendants the full amount of the underlying state court judgment in <u>Trujillo v. Thacher</u>, the amount of attorneys' fees and costs expended by Mr. Thacher in defending himself against Ms. Trujillo in <u>Trujillo v. Thacher</u>, and interest.

Plaintiff Allstate brought a Motion for Judgment as a Matter of Law after the presentation of Defendants' case in chief at trial [145]. The Court denied the Motion. Subsequently, on October 6, 2009, Plaintiff Allstate filed a Renewed Motion for Judgment as a

Matter of Law and, in the alternative, Motion for a New Trial [181] and a Motion to Alter or Amend the September 18, 2009 Judgment [183].

On November 23, 2009, the Court denied Plaintiff Allstate's Renewed Motion for Judgment as a Matter of Law [196]. First, the Court denied Plaintiff Allstate's Renewed Motion on the grounds that the mailing of notice was an issue of fact, and not law, which the jury reasonably determined at trial. Second, the Court denied Plaintiff Allstate's Renewed Motion on the grounds that the jury's determination of coverage gave rise to Plaintiff Allstate's duties to defend and indemnify.

With regard to Plaintiff Allstate's Motion for a New Trial, the Court granted, in part, Plaintiff's Motion [196]. The Court held that the amount of damages awarded were excessive in light of the prior settlement discussions between Defendant Trujillo and Defendants Thacher. Therefore, the Court ordered a new trial for the sole purpose of determining the appropriate amount of damages.

Moreover, the Court granted Plaintiff Allstate's

Motion to Alter or Amend the Judgment [196]. The Court found that Defendants' Section 998 offer was not made in good faith and held that it would not award Defendants their post offer costs or interest under California Civil Code section 3291. Accordingly, the Court granted Plaintiff's Motion to Alter or Amend the Judgment to the extent that no post offer costs or interest shall be awarded to Defendants. The Court held that the amount of the actual judgment shall be determined by a jury in the new trial ordered by the Court.

On December 21, 2009, Defendants filed a Motion for Reconsideration of the Court's November 23, 2009 and June 30, 2009[1] Orders [201]. On March 24, 2010, the Court denied the Motion for Reconsideration as to both the June 30, 2009 Order and the November 23, 2009 Order

---

[1] On June 30, 2009, the Court issued an Order regarding the Parties Cross-Motions for Summary Judgment and/or Partial Summary Judgment. The Court found that Plaintiff Allstate had received notice of the claim and no separate notice was required to tender under the umbrella policy. The Court further found that the umbrella policy did not require the Thachers to maintain primary coverage. Furthermore, the Court found that Plaintiff Allstate had not acted in bad faith [76].

because Defendants had failed to establish that there had been a significant change in the facts or law with regard to the Case [219]. Moreover, the Court denied Defendants' request for appellate review pursuant to Federal Rule of Civil Procedure 54(b).

With respect to Defendants' request for certification pursuant to 28 U.S.C. § 1292(b), Defendants sought certification of two questions, one for the June 30, 2009 Order and one for the November 23, 2009 Order. The June 30, 2009 Order addressed the Motion for Summary Judgment on Defendants' bad faith counterclaim. In its March 24, 2010 Order [219], the Court denied Defendants' request to certify the issue of bad faith for interlocutory appeal. However, as to the November 23, 2009 Order, the Court granted Defendants' request for interlocutory appeal. The Court certified the following issue for appeal:

> Can this Court order a new trial, based solely on the excessiveness of the damages awarded, if the jury did not find the arbitration award unreasonable or the product of fraud or collusion.

On June 15, 2010, the Ninth Circuit issued an Order

denying the petition for permission to appeal pursuant to 28 U.S.C. § 1292(b) [220].

In its November 23, 2009 Order, the Court **GRANTED** Plaintiff's Motion for a New Trial to determine the appropriate amount of damages. A Court trial on the issue of damages was set for March 15, 2011. On March 1, 2011, the Court held a status conference with the Parties and vacated the Court trial set for March 15, 2011. The Court instructed counsel to meet and confer to determine whether this Case would proceed as a trial *de novo* or a Court trial on the issue of damages only.

On April 8, 2011, the Parties submitted a Joint Status Report to the Court. Defendants informed the Court that they would seek a Court trial on the issue of damages only. However, Plaintiff Allstate elected to have this Case proceed as a trial *de novo*. On May 16, 2011, the Court informed the Parties that it was contemplating vacating its November 23, 2009 Order [196] granting Plaintiff's Motion for a New Trial on the sole issue of damages as well as Plaintiff's Motion

to Alter or Amend the Judgment. On May 31, 2011, the Parties submitted further briefing to the Court with regard to their respective positions on this issue.

Upon further review of the arguments presented and the overall litigation history in this Action, the Court now **VACATES** its November 23, 2009 Order [196] granting both Plaintiff's Motion for a New Trial on the sole issue of damages as well as Plaintiff's Motion to Alter or Amend the Judgment. An order granting a new trial is interlocutory and not immediately appealable. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). Furthermore, an order granting a new trial may be set aside after the expiration of the term at which it was entered, and judgment rendered on the verdict. Storey v. Storey, 221 F. 262, 263 (D.C. Wis. 1915).

Upon further consideration, the Court finds that the jury could not determine the amount of damages to award to the Defendants in the first trial. Rather, the jury was limited to determining whether the arbitration award was unreasonable or the product of fraud or collusion. The jury in a new trial will be

limited to resolving this same issue, which could potentially lead to a similar verdict to the one returned by the jury in the first trial, thereby not resolving this Court's disagreement with regard to Defendant Trujillo receiving an excessively high damages award.

While the Court found the damages awarded to Defendant Trujillo in the arbitration were excessive in light of Defendant's actual injuries and the settlement figures proposed initially, upon further review of the arguments presented, the Court finds that proceeding with a trial *de novo* could lead to a similar verdict to the one returned by the jury in the first trial.

Moreover, contrary to Plaintiff Allstate's contentions, the Court did not err in presenting the jury the following question in the special verdict form [163] in the first trial: "Was the arbitration award unreasonable or the product of fraud or collusion?" In Plaintiff Allstate's initial filing of a proposed special verdict form, Question No. 3 inquired as to whether the arbitration award was the product of fraud or collusion while Question No. 4 inquired, separately,

as to whether the arbitration award was unreasonable [139]. The Court finds that it did not err in combining these two questions into a single question and that Plaintiff Allstate's arguments indicating otherwise are not compelling.

Accordingly, the Court reasons that the interests of judicial economy mandate that the Court **VACATE** its November 23, 2009 Order [196] granting both Plaintiff's Motion for a New Trial on the sole issue of damages as well as Plaintiff's Motion to Alter or Amend the Judgment. The Court instead reinstates the September 18, 2009 Judgment [173], and that Judgment will now serve as the Final Judgment that may be reviewed upon appeal.

DATED: June 30, 2011

**IT IS SO ORDERED.**

/S/   RONALD S.W. LEW

---

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge